UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| KEITH JAMAL BRIGHAM, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV419-280 |
| | ) | CR417-208 |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* movant Keith Jamal Brigham filed a motion seeking to vacate his conviction pursuant to 28 U.S.C. § 2255. *See* docs. 695 & 726.[1] As amended, his Motion asserts four grounds for relief. *See* doc. 726 at 23-29. The Government responded by moving for dismissal of Grounds 1, 2, and 4. *See* doc. 950 at 11-20. The Government also requested that Brigham be required to expressly acknowledge the waiver of his attorney client privilege, which occurred when he asserted that his counsel provided ineffective assistance in ground 3. *See id.* at 20-24. Brigham

---

[1] The Court cites to the criminal docket in CR417-208 unless otherwise noted.

did not file any response to the Government's motion. *See* generally docket; *see also* S.D. Ga. L. Civ. R. 7.5.

After Brigham failed to respond, the Court directed him to show cause indicating whether, and to what extent, he affirmatively waived his attorney-client and work-product privileges related to Ground 3 of his amended § 2255 motion, or whether he elected to withdraw Ground 3 in order to maintain the privileges, by January 30, 2023. Doc. 955 at 3-4. He was also warned that failure to respond to the Government's other arguments would result in dismissal under Federal Rule of Civil Procedure 41(b).[2] *See id.* (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Brown v. Tallahassee Police Dept.*, 205 F. App'x 802, 802 (11th Cir. 2006)).

Despite the expiration of the response period more than a month ago, Brigham has not responded to the Respondent's arguments asserted in their Response to his Motion to Vacate. Failure to "respond to the

---

[2] Pursuant to Rule 12 of the Rules Governing Section 2255 Proceedings, the Federal Rules of Civil Procedure may apply, to the extent that they are not inconsistent with the Section 2255 Rules.

2

numerous grounds asserted by the Respondent, United States of America, for dismissal of the Petition," has been recognized as a failure to prosecute. *See Barnes v. United States*, 2020 WL 6532847, at *1 (W.D. Tenn. Nov. 5, 2020); *see also Brown v. United States*, 2022 WL 4073343, at *2 (S.D. Ga. Sept. 2, 2022). As previously noted by the Court, Petitioner's failure to prosecute warrants dismissal under Rule 41. *See* doc. 955 at 4 (citing *Hawthorne v. United States*, 2022 WL 3099271, at *2 (11th Cir. Aug. 4, 2022) ("The district court did not abuse its discretion by dismissing without prejudice Hawthorne's § 2255 motion under Rule 41(b) for failure to prosecute and to comply with the court's order." (citation omitted)). Indeed, Rule 41(b) allows for the involuntary dismissal of a movant's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 719 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)).

Moreover, Petitioner's failure to respond to the order to show cause constitutes non-compliance with the Court's order. A district court's

3

"power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown*, 205 F. App'x at 802 (quoting *Jones*, 709 F.2d at 1458). Finally, Court's Local Rules provide that the Court may dismiss an action for want of prosecution when a party has "willful[ly] disobe[yed] . . . any order of the Court" or for "[a]ny other failure to prosecute a civil action with reasonable promptness." S.D. Ga. L.R. 41.1(b), (c). Brigham's Motion to Vacate, Set Aside or Correct Sentence should be dismissed because he has failed to prosecute his claims and failed to comply with court order.

## CONCLUSION

For all the foregoing reasons, it is **RECOMMENDED** that Petitioner's Motion, as amended, be DENIED. Docs. 695 & 726. Respondent's Response in Opposition should be **DISMISSED as moot**. Doc. 950. Civil action CV419-280 should be **DISMISSED** in its entirety. This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate

Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court must issue or deny a certificate of appealability

when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

**SO REPORTED and RECOMMENDED,** this 22nd day of February, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA